
FILED
CHARLOTTE, NC
SEP - 4 2007
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                        )<br>            Plaintiff,                          )<br>                                                        )<br>       v.                                             )<br>                                                        )<br>DONALD E. OEHMKE,              )<br>                                                        )<br>            Defendant.                      ) | Case Nos:   3:06-CR-402BR<br>                       5:06-CR-53-BR<br><br>Senior Judge W. Earl Britt<br>UNDER SEAL |

## MOTION TO WITHDRAW AS COUNSEL
## FOR DEFENDANT MR. OEHMKE
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Local Rule 83.1(c), the undersigned Counsel for Defendant Donald E. Oehmke ("Mr. Oehmke") moves this Court for entry of an order granting leave to Sotiris A. Planzos and Patton Boggs, LLP, to withdraw as attorney of record for Mr. Oehmke in the above-entitled matters based on Mr. Oehmke's failure to meet his financial commitments to Counsel for work performed on his behalf. In support of this motion, Counsel states as follows:

### Statement of Relevant Facts

Defendant Oehmke signed an engagement letter with Patton Boggs LLP to represent him in an investigation being conducted by the United States Securities and Exchange Commission ("SEC") from which the instant criminal matters stem. This agreement outlines the payment obligations of Mr. Oehmke in return for Counsel's representation. In both the SEC matters and the instant criminal matters, Counsel has provided Mr. Oehmke with substantial legal advice and representation. During the course of Counsel's representation, Mr. Oehmke has failed to make timely payments on numerous invoices. Although Counsel has worked with Mr. Oehmke to remedy

1

this matter for some time, Mr. Oehmke has failed to make any payments for services rendered from July 2006 forward. His current receivable is $243,639.90.

Counsel has communicated with Mr. Oehmke on numerous occasions to resolve the nonpayment issue, without success. Counsel has repeatedly explained to Mr. Oehmke that Counsel would seek to withdraw from representing him if he did not satisfy the outstanding attorney fees and costs and provide adequate assurances that the outstanding amounts would be satisfied, by a date certain. In response, Mr. Oehmke has made no further payments, nor has he provided any reliable assurance that the outstanding and overdue fees and costs will ever be paid. As a result, Counsel no longer has a reasonable expectation that Mr. Oehmke will abide by his payment obligations.

Counsel further states that nothing in this motion should be construed as limiting any position taken on Mr. Oehmke's behalf. Mr. Oehmke has notified counsel that he does not object to the filing of the instant motion (See, Exh. A). Counsel has notified Assistant United States Attorney Matthew T. Martens of the intention to file this motion. Assistant U.S. Attorney Martens has communicated to counsel that the government takes no position on this motion.

## Argument

### I. Good Cause Exists for Withdrawal

Mr. Oehmke's failure to pay legal fees and costs constitutes good cause for granting Counsel's motion to withdraw. The Rules of this Court provide:

> Counsel seeking to withdraw shall file written consent of their client to their withdrawal which shall become effective on determination that a scheduled hearing or trial will not be delayed and upon court approval. Over the objection of the client, withdrawal may still be obtained upon good cause shown if it is determined that s a scheduled hearing or trial will not be delayed.

Local Rule 83.1(c) Withdrawal of Counsel.

2

The withdrawal of an attorney from representation is also covered, at least in part, by the North Carolina Rules of Professional Conduct. Rule 1.16 of the North Carolina Rules of Professional Conduct lists circumstances under which an attorney must or may withdraw from representation and thus guides Counsel, and this Court, in situations such as the present one. As discussed below, the Rules of Professional Conduct indicate that Counsel should not be forced to represent Mr. Oehmke any further.

### A. Nonpayment of Counsel's Fees Supports the Granting of this Motion

Counsel moves to withdraw due to Mr. Oehmke's nonpayment of legal expenses and fees. "It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw." *See Cower v. Albany Law School of Union Univ.*, 2005 WL 1606057 (S.D.N.Y. July 8, 2005); *see also Smith v. Bryant*, 141 S.E.2d 303, 305-306 (finding that generally, "the client's failure to pay or to secure the payment of proper fees upon reasonable demand will justify the attorney in refusing to proceed with the case."). Despite written notice and numerous discussions regarding the potential impact of his non-payment of attorney fees and costs, Mr. Oehmke has disregarded his fee and cost obligations to Counsel. That notice included warnings in the engagement letter and an April 4, 2007 letter that Counsel would seek to withdraw unless Mr. Oehmke's obligations were fulfilled. Despite all of this, Mr. Oehmke has failed to pay outstanding legal fees and costs or provide reliable assurances that payments will be made.

Under the North Carolina Rules of Professional Conduct, Mr. Oehmke's repeated failure to pay legal fees and costs are recognized as a justification for withdrawal. The Rules provide, in relevant part, that:

> Except as stated in paragraph (c), a lawyer may withdraw from the representation of a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
> \* \* \*

> (6) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.[1]

*See* Prof. Cond. Rule 1.16(b)(6)[2]. Applying this rule, courts have permitted attorneys to withdraw when clients deliberately disregard fee agreement. *See Buschmeier v. G&G Investments, Inc*, 222 Fed.Appx. 160 3rd Cir., 2007) (finding that counsel was entitled to withdraw where counsel incurred more than $100,000 in unpaid fees and expenses, and gave sufficient notice to client of its intent to withdraw); *De Beer v. Callahan*, 2006 WL 2598273 (Minn. App., Sept. 12, 2006) (agreeing with the district court's finding that an attorney may withdraw where a client has failed to pay outstanding attorney fees).

Mr. Oehmke signed an engagement letter with Patton Boggs LLP to represent him but has failed to abide by its terms by his nonpayment of legal fees and expenses. Mr. Oehmke has provided no reliable assurance that payment is forthcoming. Mr. Oehmke now owes substantial legal fees and costs, well in excess of the unpaid fees and expenses that justified withdrawal in *Buschmeier*. Counsel cannot continue to represent Defendant under this unreasonable financial burden and therefore requests that this Court grant this motion to withdraw.[3]

Thus, there is good cause for counsel to be permitted to withdraw from representation of Mr. Oehmke.

---

[1] Counsel Sotiris A. Planzos is admitted before this Court *pro hac vice*. He is admitted in the State of New York and the District of Columbia. The District of Columbia has the identical withdrawal provisions as North Carolina. See, District of Columbia Rules of Professional Conduct 1.16. New York Disciplinary Rule 2-110 is similar in content and language to the North Carolina Rule.

[2] Comment 8 to Rule 1.16 states that "a lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to representation, such as an agreement concerning fees or court costs. . . "

[3] *See* Prof. Cond. Rule 1.16(b)(7): "a lawyer may withdraw from representing a client if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."

4

## II. Counsel's Withdrawal Will Not Prejudice Defendant

Upon withdrawal a lawyer has an obligation to "take steps to the extent reasonably practicable to protect the client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel. . ." North Carolina Rules of Professional Conduct, Rule 1.16(d).

Mr. Oehmke will not suffer undue prejudice if Counsel is permitted to withdraw. There are no scheduled hearings or trials that will be delayed as a result of Counsel's withdrawal. Mr. Oehmke pled guilty on May 7, 2007 and his sentencing has been scheduled for November 6, 2007. Mr. Oehmke has entered into a cooperation agreement with the government in its continuing investigation. As a result of his cooperation, Mr. Oehmke will likely not be sentenced on November 6, 2007, but at some future date. There are no hearings, trials, or other court actions scheduled for Mr. Oehmke. Therefore, withdrawal of Counsel will not prejudice him. Counsel has provided such notice, is moving to withdraw at a point in time that will allow Mr. Oehmke to obtain new counsel without incurring any material prejudice, and Counsel will otherwise facilitate a transition to new counsel.

Counsel has notified Mr. Oehmke that he would seek to withdraw if outstanding invoices for Counsel were not paid. Written notice from Counsel followed numerous phone calls and emails over the previous months to address the same concerns. Mr. Oehmke will have sufficient time to secure substitute counsel without incurring any prejudice. Counsel will also work to facilitate Mr. Oehmke's transition to new counsel so as to not prejudice Mr. Oehmke. In short, there will be little or no disruption to the case as a result of Counsels' withdrawal, and Mr. Oehmke's interests will not be adversely affected.

### III. Counsel Request an *In Camera* Hearing, if Needed

A trial court has discretion to hold a hearing upon a motion to withdraw. *See City of Garfield Heights v. Wolpert*, 701 N.E.2d 734, 737 (Ohio Ct. App. 1997). Counsel request that this Court hold an *in camera* hearing if it requires additional facts to grant this motion that may implicate Mr. Oehmke's attorney-client privilege. *See Blessing v. Dow Chemical Co.*, 521 A.2d 1176 1180 (Me. 1987) (finding that the trial court "should have held an *in camera* hearing to determine the validity of the assertions if it was unable to accept the conclusory representations of the Attorneys...").

## CONCLUSION

For the foregoing reasons, Counsel respectfully request that this Court grant this motion and relieve Counsel from their representation of Defendant.

Dated: August 31, 2007

Respectfully submitted,

/s/ Sotiris A. Planzos

Sotiris A. Planzos (admitted *pro hac vice*)
Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037
(202) 457-6000
(202) 457-6135 (fax)
*Attorney for Defendant Donald E. Mr. Oehmke*

**Planzos, Ted**

**From:** VentanaLtd@aol.com
**Sent:** Monday, August 27, 2007 4:26 PM
**To:** Planzos, Ted
**Subject:** Re: motion to withdrawal

I do not object to the filing of such a motion.

Donald E. Oehmke

---

Get a sneak peek of the all-new AOL.com.

8/31/2007

Exh. A.

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was served on the following parties by United States Mail this 31st day of August, 2007:

Donald E. Oehmke
8145 Waterwood Drive
Kalamazoo, MI 49048-9260

Richard A. Serafini, Esq.
Greenberg Traurig
401 Los Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301

Assistant United States Attorney Matthew T. Martens
United States Attorney's Office WDNC
227 W Trade St Suite 1650
Charlotte, NC 28202

Sotiris A. Planzos, Esq.
Patton Boggs LLP
2550 M St NW
Washington, DC 20037
(202) 457-6000
(202) 457-6135 (fax)